# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA - NORFOLK DIVISION

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):  **Shawn Steven Streeter**
**Kayla Renee Streeter**

Case No:  **16-72091-SCS**

This plan, dated **June 15, 2016**, is:

- ■ the *first* Chapter 13 plan filed in this case.
- ☐ a modified Plan, which replaces the
  ☐confirmed or ☐unconfirmed Plan dated .

Date and Time of <u>Modified Plan</u> Confirming Hearing:

Place of <u>Modified Plan</u> Confirmation Hearing:

The Plan provisions modified by this filing are:

Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$18,596.80**
Total Non-Priority Unsecured Debt: **$38,380.27**
Total Priority Debt: **$0.00**
Total Secured Debt: **$14,550.00**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

1. **Funding of Plan.**  The debtor(s) propose to pay the trustee the sum of **$565.00 Monthly for 60 months**.  Other payments to the Trustee are as follows:   **NONE**   .  The total amount to be paid into the plan is $   **33,900.00**   .

2. **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   A.  **Administrative Claims under 11 U.S.C. § 1326.**

   1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
   2. Debtor(s)' attorney will be paid $  **5,000.00**   balance due of the total fee of $  **5,100.00**   concurrently with or prior to the payments to remaining creditors.

   B.  **Claims under 11 U.S.C. §507.**
   The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

   A.  **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

   This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt.  **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
   The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **Furniture Options/Ashley Furn** | **Living Room and Dining Room set** | **04/2014** | **549.75** | **300.00** |
| **HC Processing CNTR** | **Sleep Number Bed** | **5/10/2015** | **2,028.00** | **200.00** |

   B.  **Real or Personal Property to be Surrendered.**

   Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim.  Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **-NONE-** | | | |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                                                                                                   Best Case Bankruptcy

**C.     Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Ally Financial** | **2014 Chevrolet Cruze 29,000 miles** | **215.00** | **Trustee** |
| **Furniture Options/Ashley Furn** | **Living Room and Dining Room set** | **25.00** | **Trustee** |
| **HC Processing CNTR** | **Sleep Number Bed** | **25.00** | **Trustee** |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.     Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Ally Financial** | **2014 Chevrolet Cruze 29,000 miles** | **21,589.00** | **4.5%** | **428.13 56 months** |
| **Furniture Options/Ashley Furn** | **Living Room and Dining Room set** | **300.00** | **4.5%** | **25.61 12 months** |
| **HC Processing CNTR** | **Sleep Number Bed** | **200.00** | **4.5%** | **17.08 12 months** |

**E.     Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.     Unsecured Claims.**

   **A.     Not separately classified.**  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims.  Estimated distribution is approximately __3__ %.  The dividend percentage may vary depending on actual claims filed.  If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

   **B.     Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

   | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
   |---|---|---|---|---|---|---|
   | -NONE- | | | | | | |

   B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

   | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
   |---|---|---|---|---|---|---|
   | -NONE- | | | | | | |

   C. **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

   | Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt & Est. Term** |
   |---|---|---|---|---|
   | -NONE- | | | | |

6. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

   | Creditor | Type of Contract |
   |---|---|
   | -NONE- | |

   B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

   | Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
   |---|---|---|---|---|
   | **Birdneck Village** | **Executory contract** | **0.00** | | **0 months** |
   | **Verizon Communications Inc** | **Executory contract** | **0.00** | | **0 months** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                                    Best Case Bankruptcy

**7.** **Liens Which Debtor(s) Seek to Avoid.**

**A.** **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

**B.** **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.** **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.** **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.** **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                                                          Best Case Bankruptcy

**11.** **Other provisions of this plan:**

**I. Request for Payment of Attorney Fees and Expenses Through Plan**
**Boleman Law Firm, P.C., ("Boleman") elects and declares that it requests compensation in this case pursuant to Local Bankruptcy Rule 2016-1(C)(1)(a) and (C)(3)(a). Any funds paid by Debtor(s) to Boleman prior to the case filing are disclosed at paragraph 9 of the Statement of Financial Affairs and applied, if applicable, first to payment of court filing fees, then to the credit counseling briefing expense, credit reports, and finally to fees.**

**II. Payment of Attorney Fees and Expenses - The claim for attorney fees and expenses shall be paid all funds available on first disbursement after confirmation of the plan, and until such claim for attorney fees and expenses is paid in full, except as reserved for adequate protection payments on allowed secured claims (if any), and trustee commissions.**

**III. Payment of Adequate Protection**
**- All adequate protection payments set forth in Section 3.C are to be paid through the Trustee.**
**- The Debtor(s) shall pay regular post-petition contract payments to the creditors listed in Section 5.A., and such payments shall also constitute adequate protection payments to such creditors. Accordingly, the Trustee shall not pay adequate protection payments to creditors listed in Section 5.A.**
**- No adequate protection payments are to be paid to any creditors unless the Plan provides for the payment of adequate protection of such claim(s) through the Trustee in Section 3.C. or directly by the Debtor(s) in Section 5.A., or unless the Court orders otherwise.**

**IV. Notwithstanding the confirmation of this plan and expressly subject to the terms of Standing Order 15-4, the debtor(s) reserve the right to challenge the allowance, validity, or enforceability of any claim in accordance with § 502(b) and to challenge the standing of any party to assert any such claim.**

**Signatures:**

**Dated:** June 15, 2016

/s/ Shawn Steven Streeter
**Shawn Steven Streeter**
**Debtor**

/s/ Sarah Ramage Clarson VSB
**Sarah Ramage Clarson VSB 78953**
**Debtor's Attorney**

/s/ Kayla Renee Streeter
**Kayla Renee Streeter**
**Joint Debtor**

**Exhibits:**   Copy of Debtor(s)' Budget (Schedules I and J);
Matrix of Parties Served with Plan

Certificate of Service

I certify that on ___**June 15, 2016**___, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Sarah Ramage Clarson VSB**
**Sarah Ramage Clarson VSB 78953**
Signature

**Convergence Center III**
**272 Bendix Road, Suite 330**
**Virginia Beach, VA 23452**
Address

**(757) 313-3000**
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                                                      Best Case Bankruptcy

# United States Bankruptcy Court
## Eastern District of Virginia - Norfolk Division

In re: **Shawn Steven Streeter / Kayla Renee Streeter**, Debtor(s)

Case No. **16-72091-SCS**
Chapter **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To: **Furniture Options / Ashley Furniture / Fairway Partners, L.L.C.**
**c/o Scott D. Stovall, Reg. Agent; 1930 Huguenot Road; Richmond, VA 23235**
*Name of creditor*

**Living Room and Dining Room set**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ■ To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **Not later than 7 days prior to Hearing** |
| Date and time of confirmation hearing: | **Thursday, September 1, 2016 at 10:00 a.m** |
| Place of confirmation hearing: | **600 Granby St., 4th Floor, Courtroom 1, Norfolk, VA** |

**Shawn Steven Streeter**
**Kayla Renee Streeter**
*Name(s) of debtor(s)*

By: **/s/ Sarah Ramage Clarson VSB**
**Sarah Ramage Clarson VSB 78953**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Sarah Ramage Clarson VSB 78953**
*Name of attorney for debtor(s)*
**Convergence Center III**
**272 Bendix Road, Suite 330**
**Virginia Beach, VA 23452**
*Address of attorney [or pro se debtor]*

Tel. # **(757) 313-3000**
Fax # **(804) 358-8704**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **June 15, 2016**   .

                                                **/s/ Sarah Ramage Clarson VSB**
                                                **Sarah Ramage Clarson VSB 78953**
                                                *Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia - Norfolk Division

In re: **Shawn Steven Streeter / Kayla Renee Streeter**, Debtor(s)

Case No. **16-72091-SCS**
Chapter **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To: **HC Processing Center / Dent-A-Med, Inc.**
**Dr. T. Warren Center, Reg. Agent; dba HC Processing Center; 300 N. College, Suite 100; Fayetteville, AR 72701**
*Name of creditor*

**Sleep Number Bed**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ■ To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **Not later than 7 days prior to Hearing** |
| Date and time of confirmation hearing: | **Thursday, September 1, 2016 at 10:00 a.m** |
| Place of confirmation hearing: | **600 Granby St., 4th Floor, Courtroom 1, Norfolk, VA** |

**Shawn Steven Streeter**
**Kayla Renee Streeter**
*Name(s) of debtor(s)*

By: **/s/ Sarah Ramage Clarson VSB**
**Sarah Ramage Clarson VSB 78953**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Sarah Ramage Clarson VSB 78953**
*Name of attorney for debtor(s)*
**Convergence Center III**
**272 Bendix Road, Suite 330**
**Virginia Beach, VA 23452**
*Address of attorney [or pro se debtor]*

Tel. # **(757) 313-3000**
Fax # **(804) 358-8704**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this __**June 15, 2016**__ .

                                           **/s/ Sarah Ramage Clarson VSB**
                                           **Sarah Ramage Clarson VSB 78953**
                                           *Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Shawn Steven Streeter** |
| Debtor 2 (Spouse, if filing) | **Kayla Renee Streeter** |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA - NORFOLK DIVISION |
| Case number (If known) | **16-72091-SCS** |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

# Official Form 106I
## Schedule I: Your Income                                                           12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

   | | Debtor 1 | Debtor 2 or non-filing spouse |
   |---|---|---|
   | Employment status | ☐ Employed<br>■ Not employed | ■ Employed<br>☐ Not employed |
   | Occupation | | Machinist |
   | Employer's name | | DFAS/ US Navy |
   | Employer's address | | 8899 E., 56th Street<br>Building 1<br>Indianapolis, IN 46249 |
   | How long employed there? | | since 8/21/2012 |

### Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 0.00 | $ 4,153.39 |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | 4. $ 0.00 | $ 4,153.39 |

Debtor 1 **Shawn Steven Streeter**
Debtor 2 **Kayla Renee Streeter**                                                         Case number (*if known*) **16-72091-SCS**

|  |  |  | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|---|
|  | **Copy line 4 here** | 4. | $ 0.00 | $ 4,153.39 |
| 5. | **List all payroll deductions:** |  |  |  |
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ 0.00 | $ 230.68 |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ 0.00 |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| 5e. | **Insurance** | 5e. | $ 0.00 | $ 34.68 |
| 5f. | **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. | **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h. | **Other deductions.** Specify: **SGLI** | 5h.+ | $ 0.00 + | $ 29.00 |
|  | **AFRH** |  | $ 0.00 | $ 0.50 |
|  | **SGLI FAM/SPOUSE** |  | $ 0.00 | $ 5.00 |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ 299.86 |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 0.00 | $ 3,853.53 |
| 8. | **List all other income regularly received:** |  |  |  |
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| 8b. | **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. | **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | $ 0.00 |
| 8g. | **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. | **Other monthly income.** Specify: **Federal and State Tax Refunds Amortized** | 8h.+ | $ 0.00 + | $ 500.00 |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 0.00 | $ 500.00 |
| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 0.00 + $ 4,353.53 | = $ 4,353.53 |

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
    Specify: _____  11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies.   12. $ **4,353.53**
    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
    ■ No.
    ☐ Yes. Explain: **BAS and BAH combined into monthly gross with base pay.**

Official Form 106I                            **Schedule I: Your Income**                            page 2

# Fill in this information to identify your case:

Debtor 1: **Shawn Steven Streeter**

Debtor 2 (Spouse, if filing): **Kayla Renee Streeter**

United States Bankruptcy Court for the: EASTERN DISTRICT OF VIRGINIA - NORFOLK DIVISION

Case number (If known): **16-72091-SCS**

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing postpetition chapter 13 expenses as of the following date:

MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses
**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. **Is this a joint case?**
   - ☐ No. Go to line 2.
   - ■ Yes. **Does Debtor 2 live in a separate household?**
     - ■ No
     - ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?** ☐ No
   Do not list Debtor 1 and Debtor 2.   ■ Yes. Fill out this information for each dependent..........
   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | Son | 1 | ☐ No  ■ Yes |
   | Daughter | 2 | ☐ No  ■ Yes |
   |  |  | ☐ No  ☐ Yes |
   |  |  | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   - ■ No
   - ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.   4. $ **983.00**

   **If not included in line 4:**
   - 4a. Real estate taxes   4a. $ **0.00**
   - 4b. Property, homeowner's, or renter's insurance   4b. $ **0.00**
   - 4c. Home maintenance, repair, and upkeep expenses   4c. $ **25.00**
   - 4d. Homeowner's association or condominium dues   4d. $ **0.00**
5. **Additional mortgage payments for your residence,** such as home equity loans   5. $ **0.00**

| Debtor 1 | **Shawn Steven Streeter** | | |
|---|---|---|---|
| Debtor 2 | **Kayla Renee Streeter** | Case number (if known) | **16-72091-SCS** |

6. **Utilities:**
   - 6a. Electricity, heat, natural gas — 6a. $ **197.00**
   - 6b. Water, sewer, garbage collection — 6b. $ **55.00**
   - 6c. Telephone, cell phone, Internet, satellite, and cable services — 6c. $ **265.00**
   - 6d. Other. Specify: — 6d. $ **0.00**
7. **Food and housekeeping supplies** — 7. $ **1,200.00**
8. **Childcare and children's education costs** — 8. $ **0.00**
9. **Clothing, laundry, and dry cleaning** — 9. $ **120.00**
10. **Personal care products and services** — 10. $ **75.00**
11. **Medical and dental expenses** — 11. $ **100.00**
12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. — 12. $ **220.00**
13. **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. $ **150.00**
14. **Charitable contributions and religious donations** — 14. $ **0.00**
15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20.
    - 15a. Life insurance — 15a. $ **0.00**
    - 15b. Health insurance — 15b. $ **0.00**
    - 15c. Vehicle insurance — 15c. $ **156.00**
    - 15d. Other insurance. Specify: — 15d. $ **0.00**
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: **Personal Property tax** — 16. $ **25.00**
17. **Installment or lease payments:**
    - 17a. Car payments for Vehicle 1 — 17a. $ **0.00**
    - 17b. Car payments for Vehicle 2 — 17b. $ **0.00**
    - 17c. Other. Specify: — 17c. $ **0.00**
    - 17d. Other. Specify: — 17d. $ **0.00**
18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** — 18. $ **0.00**
19. **Other payments you make to support others who do not live with you.** Specify: — 19. $ **0.00**
20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**
    - 20a. Mortgages on other property — 20a. $ **0.00**
    - 20b. Real estate taxes — 20b. $ **0.00**
    - 20c. Property, homeowner's, or renter's insurance — 20c. $ **0.00**
    - 20d. Maintenance, repair, and upkeep expenses — 20d. $ **0.00**
    - 20e. Homeowner's association or condominium dues — 20e. $ **0.00**
21. **Other:** Specify: **Miscellaneous Expense** — 21. +$ **217.00**

22. **Calculate your monthly expenses**
    - 22a. Add lines 4 through 21. — $ **3,788.00**
    - 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 — $
    - 22c. Add line 22a and 22b. The result is your monthly expenses. — $ **3,788.00**

23. **Calculate your monthly net income.**
    - 23a. Copy line 12 *(your combined monthly income)* from Schedule I. — 23a. $ **4,353.53**
    - 23b. Copy your monthly expenses from line 22c above. — 23b. -$ **3,788.00**
    - 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* — 23c. $ **565.53**

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
    - ■ No.
    - ☐ Yes.   Explain here:

Office of the U.S. Trustee
200 Granby Street
Suite 625
Norfolk, VA 23510


Ally Financial
P.O. Box 380901
Minneapolis, MN 55438


Army Airforce Exchange
P.O. Box 650410
Dallas, TX 75265-0410


CHKD
601 Children's Lane
Norfolk, VA 23507


Comenity Bank/Game
PO Box 182120
Columbus, OH 43218


Credit Control Corporation
11821 Rock Landing Drive
Newport News, VA 23606


Elizabth River Tunnels
C/o Linbarger Goggan
4828 Loop Central Dr, Ste 600
Houston, TX 77081


First Colonial Family Practice
1120 First Colonial Road
Ste 100
Virginia Beach, VA 23454


Furniture Options/Ashley Furn
1305 Baker Road
Virginia Beach, VA 23455


HC Processing CNTR
PO Box 829
Springdale, AR 72765

```
Langley Federal Credit Union
721 Lakefront Cmns
Suite 400
Newport News, VA 23606


Law Enforcement Systems, LLC
P.O. Box 2182
Milwaukee, WI 53201


Navy Federal Credit Union
820 Follin Lane SE
Vienna, VA 22180


South Norfolk Jordan Bridge
2705 Sam Houston Parkway
North
Houston, TX 77043


Sterling Church Street Furnitu
5565 Virginia Beach Blvd
Virginia Beach, VA 23462


Target
P.O. Box 673
Minneapolis, MN 55440


TD Bank USA/Target Credit
P.O. Box 673
Minneapolis, MN 55440


US Bank
P.O. Box 108
Saint Louis, MO 63166


US Dept of Ed/GLELSI
P.O. Box 7860
Madison, WI 53704


WEBBANK/Fingerhut
P.O. Box 1250
Saint Cloud, MN 56395-1250
```